IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINA
BLUEFIELD DIVISION

Adrian Weems-Bey,
            Plaintiff,

CIVIL Action No. 1: 18-01538

V.

FCI- MCDOWELL,
            Defendant.



FILED

APR 15 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

---

Now Comes, Adrian Weems-Bey, as, Plaintiff, Pursuant to 42 U.S.C. § 1983. This Class action Law suit, derives its existence from Bivens V. Six Unknown Federal Agents Of Federal Bureau of Narcotics. 403 U.S. 388, 91 S. Ct. 1999. 24 L. Ed 2d 619 (1971).

First, the Plaintiff, has no Knowledge as to who had opened his Legal mail, but substantial evidence shows that a Federal officer or more has violated his Constitutional rights by opening his mail outside the inmate presence.

Which had violated the First Amendment, Fourth Amendmen and fifth Amendment.

but, before a conclusion can be met or settle, a view of the plaintiff's evidence must show his portion of violation. On September 01, 2018, the plaintiff was committed to FCI-McDowell, Special housing Unit (SHU), for a threat Assessment.

However, the plaintiff, had received legal mail from the Court's of Eighth Cir. Which had been stamped "LEGAL MAIL"
OPEN IN THE PRESENCE
OF THE INMATE

Also, opened outside his presence, Legal Mail. Mail Room, Staff, also Stamp "THIS CORRESPONDENCE

DOES NOT MEET BOP CRITERIA OF SPECIAL
MAIL HANDLING

The Court's order had been disregarded as Something not important.

According, to LEGAL CORRESPONDENCE
§ 540.19 Legal Correspondence.

(a) Staff shall mark each envelope of incoming legal mail (mail from Courts or attorneys) to show the date and time of receipt, the

date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies only if the sender has marked the envelope as specified in § 540.18.

It further states "28 CFR § 540.18 refers to Section 10 of this Program Statement.

But doesn't indicate that 28 CFR § 540.18 has any relation with 540.19, so in light of the law, it does not display such designation or justification of opening the plaintiff legal mail.

Drifting back on the construction of the United States Constitution and its amendments, a fundament Law and spirit of those great writers of them that disist the Governmental oppression on american citizens, that set fourth protections that'd not be abridge or deprived. As Chief justice John Marshall wrote:

"[T]he very essence of civil liberty [lies] in the right of every individual to claim the protection of the

laws, whenever he or she receives an injury." Id, at 163. The chief justice referred to Blackstone's Commentaries stating that there"

"is a general and indisputable rule, that where is a legal right, there is also a legal remedy [and that] it is a settled and invariable principle in the laws of England, that every right, when withheld, must have a remedy, and every injury its proper redress." I cranch. at 163.

It is said that prison officials are generally not permitted to read inmates' legal mail, Thonguanh v. Thalacker, 17 f. 3d 256, 258 (8th cir. 1994).

C. Mail Policy

Inmates have a first Amendment right of free speech to send and receive mail, when dealing with courts. Hudson v. Palmer, 468 U.S. 517, 547, 104 S. ct. 3194, 82 L. Ed. 2d 393 (1984)."" The Fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the first Amendment." Jones v. North Carolina Prisoners Union, 433 U.S. 119, 125, 97 S. ct. 2532, 53 L. Ed

20 629 (1977). In Bieregu v. Reno, 59 f.3d 1445, 1452 (3d cir, 1995)"[A] pattern and practice of opening properly marked in coming court mail outside an inmate's presence infringes communication protected by the right to speech."(emphasis added))). A policy that allows the opening of legal mail without the physical presence of addresses inmates deprives the expression protected and confidentiality and chills the inmate's rights. See Jones, 461 f.3d 359)

The plaintiff's constitutional rights have been violated. See also, Title 18 1702 & 1703
     <u>Obstruction of correspondence</u>

It reads: Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title

or imprisoned not more than five years, or both.

The mysterious federal officer or more who unconstitutionally and violently opened the Plaintiff Legal correspondence, also violated his [Fourth Amendent Right," it states" the right of the People to be secure in their persons, houses, Papers] and effects, against unreasonable Searches and seizures, shall not be violated.

In light of, there was no probable cause that existed or any proof of suspension, so the officer or officers, whether it were he or she had deprived the plaintiff of a Constitution right.

Before moving forward, let's view constitutional right. (18c) A right guaranteed by a constitution; esp. one guaranteed by the U.S. Constitution or by a State Constitution. See. "Bill of Rights".

Also, Eight Amendment, The constitutional amendment, ratified as part of the Bill of Rights in 1791, prohibiting excessive bail, excessive fines, and cruel and unusual punishment.