IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| ADRIAN WEEMS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:18-01538 |
| | ) |
| FCI MCDOWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion to Dismiss Amended Complaint and Suit" (Document No. 61), filed on March 3, 2021. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL AND PROCEDURAL HISTORY

In 2019, Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees and an Amended Complaint seeking relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 7 and 20.) By Order entered on July 22, 2019, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed Plaintiff to pay ($87.60) as an initial partial payment of the filing fee within 30 days of the entry of the Order. (Document No. 24.) Specifically, the undersigned ordered, in pertinent part, as follows:

> Having determined that Plaintiff's Amended Complaint states colorable claims under Bivens against Defendants, and turning to Plaintiff's Application to Proceed Without Prepayment of Fees, the Court finds that it is in conformity with 28 U.S.C. § 1915. (Document Nos. 7 and 20.) The Certificate which is on the second page of the Application indicates that Plaintiff had an average 6 month balance in his account at FCI Gilmer of $438.00. (Document No. 20.) Pursuant to 28 U.S.C. § 1915(b)(1), the Court may require Plaintiff's payment of 20 percent of that amount ($87.60) as an initial partial payment of the filing fee.

> Accordingly, it is hereby **ORDERED** that Plaintiff's Application to Proceed Without Prepayment of Fees (Document Nos. 7 and 20) is **GRANTED**. Plaintiff is **ORDERED** to send payment of the amount of $87.60 to the Office of the Clerk of this Court within 30 days of the entry of this Order. The Clerk shall issue process promptly upon receipt of Plaintiff's initial partial payment of the filing fee.

(Id.) Despite the foregoing, Plaintiff did not pay the initial partial payment of the filing fee or otherwise respond to the Court's Order that had been entered for more than a year. By Order entered on September 11, 2020, the undersigned directed Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (Document No. 29.)

On September 17, 2020, Plaintiff filed his Response. (Document No. 30.) Plaintiff first argued that he never received a copy of the Court's Order dated July 22, 2019, which granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed him to pay an initial partial payment of the filing fee. (Id.) Second, Plaintiff stated that he "didn't have a monthly balance of $438.00 in [his] account."[1] (Id.) Finally, Plaintiff indicated that he did not have funds to pay an initial partial payment of the filing fee. (Id.) Based upon the foregoing, the undersigned ordered that the portion of the Court's Order (Document No. 24) requiring Plaintiff to pay 20 percent of his average 6-month balance ($87.60) as an initial partial payment of the filing fee be vacated. (Document No. 31.) The undersigned further directed that the Clerk issue process in this case by preparing and serving a Summons and a copy of Plaintiff's Amended Complaint (Document No. 21) upon the Defendants. (Id.) The Clerk issued process the same day. (Document Nos. 32 and 33.)

On November 24, 2020, Defendants, by counsel, filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 42, and 43.) Concerning Plaintiff's FTCA claim,

---

[1] The undersigned notes that the Court did **not** find that Plaintiff had a ***monthly balance*** of $438.00. The Court correctly noted that "[t]he Certificate which is on the second page of the Application indicates that Plaintiff had an ***average 6 month balance*** in his account at FCI Gilmer of $438.00." (Document Nos. 20 and 24.)

2

Defendants argues that Plaintiff's claim should be dismissed based on the following: (1) "FCI McDowell is an improper party;" (2) Plaintiff failed to properly exhaust his administrative remedies; and (3) Constitutional torts are not cognizable under the FTCA. (Document No. 43, pp. 5 – 8.) Concerning Plaintiff's Bivens claim, Defendants argues that Plaintiff's claim should be dismissed based on the following: (1) Defendant Collier was not served with process; and (2) Defendant Collier lacked any personal involvement concerning Plaintiff's claims. (Id., pp. 9 – 10.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 24, 2020, advising him of the right to file a response to Defendants' Motion to Dismiss. (Document No. 44.) The Court granted Plaintiff two generous extensions of time, thereby allowing Plaintiff until March 16, 2021, to file his Response to Defendants' Motion. (Document Nos. 48, 57.)

On March 3, 2021, Plaintiff filed his instant "Motion to Dismiss Amended Complaint and Suit." (Document No. 61.) Specifically, Plaintiff requests that this Court dismiss the above case because "Plaintiff doesn't want to continue to argue over beliefs which isn't being considered [as] important." (Id.) Plaintiff further states that he is "getting tired of such debate" and would "rather dismiss it under good faith and just live his life without any problems." (Id.) Defendants have filed no objection to Plaintiff's above Motion.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is

> without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Although Defendants have filed a Motion to Dismiss, there is no indication that Defendants have expended sufficient time or resources defending Plaintiff's action. Defendants' Motion to Dismiss relies upon Defendants' argument that Plaintiff named improper Defendants, failed to exhaust his administrative remedies, and failed to state cognizable claims. Thus, the undersigned finds that granting voluntary dismissal would result in little to no prejudice to the Defendants. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without

prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's "Motion to Dismiss Amended Complaint and Suit" (Document No. 61), **DISMISS** Plaintiff's Amended Complaint (Document No. 21) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties,

District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 24, 2021.

Omar J. Aboulhosn
United States Magistrate Judge